ETHELBERT TANEY *vs.* JOHN BACHTELL.—*December* 1850.

To an action of covenant upon certain articles of agreement, the defendant pleaded performance on his part, upon which plea was the only issue in the case. The plaintiff, besides the written agreement, offered parol testimony, to remove the uncertainty of the description of the land in the

agreement, which the county court admitted. The jury gave a verdict for the plaintiff, and assessed damages. HELD:

That this testimony was inadmissible for any purpose under the issue in this case, and as this court cannot say that it had no influence on the jury in assessing the damages, its admission is a good cause for the reversal of the judgment.

Where evidence is offered without its being stated for what purpose it is offered, it is error to reject it if it was admissible for any purpose.

An agreement under seal for the conveyance of land, described it as "a farm on which is a grist mill, saw mill and milling apparatus, containing 230 acres." HELD: That this description is uncertain, and the uncertainty cannot be removed by parol testimony.

This being a contract relating to land, every part of it must be in writing, and verbal testimony cannot be admitted to supply any defect or omission in it.

APPEAL from *Washington* county court.

This was an action of *covenant*, instituted by the appellee against the appellant, upon the following agreement.

"Memorandum of an agreement made this 16th day of February, 1848, between *Ethelbert Taney*, of *Hancock, Washington* county, *Maryland*, of the one part, and *John Bachtell*, of *Morgan* county, *Virginia*, witnesseth, that said *Taney* agrees to transfer his present stock of merchandize, together with the house and lot situated in the west end of *Hancock, Maryland*, and at present occupied by said *Taney* to the said *Bachtell*, for and in consideration of a farm, on which is situated a grist mill, saw mill and milling apparatus, said farm containing two hundred and thirty two acres; the said *Taney* is to allow the said *Bachtell* the sum of three thousand dollars, to be paid in merchandise at cost prices, with an advance of five per cent. for freight, &c. The said parties agree that an inventory shall be taken between the 1st and 5th of March next. It is also understood that the said *Taney* is to have the grain at present in the ground on said farm, and that the said house and lot now in possession of said *Taney*, is to be transferred to the said *Bachtell* for $700.     ETHELBERT TANEY. (Seal.)

JOHN BACHTELL,     (Seal.)"

"*N. McKinley.*"

The pleadings are fully stated in the opinion of this court.

EXCEPTION. The plaintiff offered in evidence the agreement, and then certain parol testimony, which is recited in the opinion. To the agreement and parol evidence thus offered, defendant objected, and prayed the court to instruct the jury that upon said agreement the plaintiff was not entitled to recover, because it gives no description and no locality to the land therein mentioned, and is void for uncertainty; and that such description cannot be aided by parol testimony; which opinion the court, (WEISEL, A. J.,) refused to give; but permitted said agreement and evidence to go to the jury; the defendant excepted. The jury rendered a verdict for the plaintiff, and assessed the damages at $200. Upon this verdict judgment was given for plaintiff, and the defendant appealed.

The cause was argued before MAGRUDER, MARTIN, and FRICK, J.

PRICE, for the appellant, contended, that the parol evidence admitted by the court, should not have been received, the effect of that testimony being, to add to a written agreement.

SPENCER and ROMAN, for the appellee, insisted, that the evidence was properly admitted : because

1st. There is no uncertainty in that part of the agreement, which prescribes the obligation of *Taney*, the defendant below.

2nd. If there be uncertainty in that part which sets forth the obligation of *Bachtell*, it is merely the consideration for *Taney's* agreement, and being under seal, he would be bound, without any consideration.

3rd. The parol evidence was properly admitted, not to explain the agreement, but to point its application.

4th. The supposed defect in the agreement, is fully disclosed in the declaration, and the defendant should have demurred. By his pleading he has taken issue on the fact, and waived the legal insufficiency of the agreement.

MAGRUDER, J., delivered the opinion of this court.

This suit was brought in *Washington* county court by the

appellee, in order to recover from the appellant damages, for the non-performance by him of certain articles of agreement. It appears that by those articles of agreement, entered into 16th July 1848, the appellant was to transfer certain goods with a house and lot in *Hancock, Maryland*, to the appellee, "for and in consideration of a *farm* on which is situated a grist mill, saw mill and milling apparatus, said farm containing 232 acres."

The declaration alleges, that although he, (the appellee,) has performed or offered to perform every thing to be done on his part, yet the defendant would not perform any of the things to be done by him, but refused to transfer the merchandize and to convey the house and lot as stipulated, whereby the said *John*, (the appellee,) says he has lost and been deprived of all the benefits and advantages which would have accrued to him, by and from the performance on the part of the said *Taney*, and put to great loss and damage, by such violation in the loss of his business, to wit, to the value of $1000, in the neglect and dilapidation of his property, &c.

To this declaration the appellant pleaded, that he had kept and performed all and singular the covenants and agreements, in the said articles of agreement contained, on his part to be performed and kept. The verdict being for the plaintiff, the case comes before us, upon a single exception taken by the appellant. According to this exception no proof was offered on the part of the defendant, but the plaintiff it is stated offered in evidence the articles of agreement, and then proved by witnesses, that the week before said agreement was made, the said defendant and his son came over to the residence of the plaintiff, being a farm in *Morgan* county, *Virginia*, containing 232 acres, on which is situated a grist mill, saw mill, &c., and was bargaining with plaintiff for it; offered $2.500, the plaintiff asked $3000; and also that between the 1st & 5th March 1848, plaintiff came over to *Hancock*, and asked for an appraisement of goods and merchandize, and then offered to give a good and sufficient deed for said farm, in *Morgan* county, *Virginia*, so soon as the goods and merchandize should be appraised.

To all this proof the defendant objected, and the exception

is taken because of the admission by the court, of the said articles of agreement, and parol evidence to go to the jury. We are now to decide whether the court below erred in admitting this testimony, and if it did, whether because of such error the judgment must be reversed.

If to the declaration filed in this case the defendant below had demurred, then the question which has been argued at bar could have been disposed of in a few words. The defendant however instead of demurring, or denying a performance of the covenant by the plaintiff below, relies in his defence entirely on a performance of the articles of agreement by himself. The single point put in issue, was whether the defendant had performed the covenant, not what the plaintiff had done, or offered to do. It would be difficult to prove, that for the alleged uncertainty, in the description of the farm to be conveyed by the plaintiff in the court below, the jury could have been authorized to find a verdict for the defendant, thereby declaring neither more nor less, than that the defendant had performed his part of the agreement.

This testimony was offered by the plaintiff in the court below, without stating for what purpose it was offered, and it is insisted, that if for any purpose it was admissible in the trial of the issue, than for the admission of it by the court below, the judgment ought not to be reversed. This is true, but is it admissible for any purpose? Certainly it was not necessary in order to entitle the plaintiff to a verdict, and although admitted it could not prejudice the defendant, if the jury had only to say whether the defendant, had or had not performed every thing which by the covenant he was bound to perform. As the defendant offered no proof, in support of his plea of performance, the plaintiff might then insist, that if the court erred in admitting the testimony, it was an error by which the defendant was not at all injured, and for which therefore he cannot ask that the judgment be reversed.

But the plaintiff being entitled to the verdict, because the defendant offered no proof in support of his plea, the jury were next to assess the damages for which the plaintiff was to have a

judgment.   Now this court cannot say, that this testimony had no influence upon the minds of the jury in assessing the damages, and of course, cannot say, if there was error, in admitting this testimony, that the defendant was not aggrieved by it. Hence the necessity of inquiring, whether the testimony was admissible in the trial of this case.

If the court could not say that the farm spoken of by the witness, was the same farm mentioned in the articles, the testimony, it is apprehended, ought to have been excluded from the consideration of the jury, not because, if admitted, it would entitle the plaintiff to a verdict, (without it, the verdict must have been for him,) but because it was calculated to procure for the plaintiff larger damages than he was really entitled to.

We are thus brought to the inquiry, was this testimony admissible to prove, that the farm in *Morgan* county, *Virginia*, spoken of by the witness, was the farm which, by the articles of agreement, the plaintiff below was to transfer to the defendant, in exchange for the house and lot and merchandise of the latter?   Is not the description of the farm, in the articles of agreement, uncertain, and can that uncertainty be removed by parol testimony ?

It is thought that these are questions, which have been settled in *Maryland*.   The agreement, itself, certainly does not tell us that the farm, which the defendant in the court below was to receive, was the farm on which the plaintiff then resided, or, indeed, in what county or State that farm is situated. It is very much more uncertain, than the description of the land, which was a subject of controversy in the case of *Dorsey vs. Wayman*, 6 *Gill*, 66.   In that case the name of the land was given, and although it related only to a part of the tract, it was that part adjoining the turnpike.   The description was too uncertain, because it gave but one line of the land, and the others could not be known "from the agreement itself, or *by anything referred to in it.*"   In the case of *Thomas vs. Turvy*, 1*st Harris and Gill*, 435, the name of the land was given, but only a part of it, (without describing it by metes and bounds,) was sold.   The plaintiff located the part which he

claimed in virtue of his purchase, and there was no counter-location. The court said, the ambiguity on the face of the deed could not be explained by extrinsic circumstances; the uncertainty could not, by any possibility, be explained by matter *dehors* the return.

We are sometimes misled, by applying to one class of cases *dicta* to be met with in the books, used in reference to a different class. This being a contract relative to land, must be, every part of it, in writing, and cannot be valid if partly in writing, though the deficiency could be supplied, if verbal testimony was admissible. "It not necessary," says *Greenleaf*, (*1st vol.*, *sec.* 268,) "that the written evidence required by the statute of frauds, should be comprised in a single document, nor that it should be drawn up in a particular form. But it must all be collected from the writings; verbal testimony not being admissible to supply any defects or omissions in the written evidence. For the policy of the law, is to prevent fraud and perjury, by taking all the enumerated transactions entirely out of the reach of any verbal testimony whatever."

If such a description of this land was not too uncertain, or could be made certain by parol proof, the statute of frauds, (the clause which relates to contracts for land,) would be without meaning.

JUDGMENT REVERSED WITH COSTS, AND
PROCEDENDO AWARDED.