## I. FRANK & CO. v. A. ELTRINGHAM.

FRAUDS, *statute of. Memorandum of sale of goods. Sufficiency of.*

A memorandum of a bargain for the sale of goods is not sufficient, under Sec. 1295, Code of 1880 (the statute of frauds), if the buyer and seller cannot be distinguished, the one from the other, by the face of the memorandum, without resort to parol testimony.

SAME. *Memorandum of contract of sale. Case in judgment.*

An instrument as follows:—" I. F. & Co., White St., New York. No. 120. Natchez, Miss., address A. E., at I. Landing. Ship, when?...... Ship, how?...... Insure...... Care...... Terms, reg. Date...... Bill, Oct. 1. Refer to...... | Lot. | Doz. | Remarks. | Price. | " with an inventory thereunder of goods to the value of $384 00, and signed by the agent of I. F. & Co.—is insufficient as a memorandum of a contract of sale, under Sec. 1295 (statute of frauds, Code 1880), to sustain an action against I. F. & Co. by A. E., it being impossible to decide by the memorandum who was seller, and who buyer.

APPEAL from the Ciruit Court of Adams County.

HON. RALPH NORTH, Judge.

This is an action brought by A. Eltringham against I. Frank & Co. to recover damages for an alleged breach of contract.

On July 6, 1886, Marcus S. Kahn, the travelling agent of defendants, solicited and obtained an order for a bill of goods from the plaintiff, in the city of Natchez. On August 23, 1886, defendants wrote to plaintiff, addressing the letter to Water-

proof, La., requesting references, as they did not know him, and had never previously had business relations with him. Not receiving a reply, they again wrote him on September 16, 1886. Receiving no reply to this letter, they declined to ship the goods at all. Thereupon, on October 18, 1886, Eltringham instituted this action by attachment, the defendants being non-residents.

On the trial of the issue as to the liability of defendants, the plaintiff introduced the following as evidence of the contract of sale:

"I. FRANK & Co., 47 & 49 White Street, N. Y.
    No. 120.                                    Natchez, Miss.
        Address, A. Eltringham, U. N. I. Landing.
    Ship when ......................................................
    Ship how....................... Insure........... ..............
    Care .........................................................
    Terms,.......... Reg.......... Date,......... Bill, October 1st.
    Refer to................. ..... ..............................

    |   Lot.   |   |   Doz.   |   Remarks.   |   |   Price.   |

[Here follows an inventory of articles of merchandise, with price of each article separately, amounting in the aggregate to $384.75.]
                          Thanks,
                                              SONNY KAHN."

The jury found for the plaintiff and assessed the damages at $150. The defendants appealed.

*Claude Pintard*, for the appellants.

A memorandum within the meaning of the statute of frauds in sales of personal property is not sufficient unless the essential terms of the sale can be ascertained by the writing itself.

Kent, Vol. 2, page 40; Phillips on Evidence, Vol. 4, page 95; Wait's Actions and Defences, Vol. 5, pages 604 and 605.

In the United States, it has been held, if credit agreed on or a time of performance, the memorandum will be insufficient, if these parts of the bargain be omitted. Benjamin on Sales, p. 215; 14 Howard, U. S., 416.

Oral evidence is inadmissible for the purpose of supplying an omission in an instrument when written evidence is required by law. 42 Miss., 730; Saunders on Pleading and Evidence,

part 1st, p. 120; Benjamin on Sales, p. 212, note. Is not oral evidence necessary to explain this instrument? And was such evidence not introduced? Under these authorities is the instrument of writing purporting to show the contract of sale a sufficient compliance with the statute? If not, the court erred in permitting it in evidence to show the contract.

*Calhoon & Green*, on the same side.

The paper produced as a contract is no contract, no memorandum of any contract, no sort of evidence of any contract of sale, or of any bargain, and it is not even counted on as such in the declaration; but is simply referred to as an invoice. It cannot be judicially distorted into anything else but what it is, viz.: a mere memorandum to Eltringham of his *order* on I. Frank & Co., sent through Sonny Kahn for goods.

Clearly its legal effects is no greater than would have been a written order from Eltringham on I. Frank & Co., requesting the shipment of those goods. Who would have been bound by that? I. Frank & Co. need never have even answered it. It would have bound them only in case they accepted it in writing before he countermanded it, as he might have done any time before acceptance.

*Reed & Reed*, for the appellee.

The memorandum is amply sufficient, setting out the terms, the price, and signed by the party or his agent thereunto lawfully authorized. Smith's Mercantile Law, pages 617 and 618; Greenleaf on Evidence, vol. 1, secs. 267, 268 and 269; Long on Sales, pages 52, 53, 54, 55.

It is only necessary for the party to be charged to sign the memorandum. Appellants were the parties to be charged. *Marqueze* v. *Caldwell*, 48 Miss., 23.

*J. S. Morris*, on the same side, filed a brief discussing the weight and effect of the parol evidence adduced.

CAMPBELL, J., delivered the opinion of the Court.

The note or memorandum of the bargain is not sufficient under § 1295 of the Code. It fails to show who is seller and who is buyer. It is impossible to determine from the writing whether the appellants agreed to buy from the appellee or *vice versa*.

While the requirement of the statute is that only some note or memorandum of the bargain shall be signed by the party to be charged, it must show the substantial terms of the bargain, so that it may be seen and understood from the writing, and without the aid of parol testimony ; for to admit that to supply an essential part of the contract would defeat the object of the statute.   The writing must distinguish between the buyer and seller.   The memorandum in this case would be equally applicable to an action by I. Frank & Co. against Eltringham.

*Reversed and remanded.* ·