S. D. WILKINSON v. TAYLOR MANUFACTURING Co.

1. STATUTE OF FRAUDS.   *Writing signed.   Reference to another paper.   Identification by parol.*
    If a paper signed by the party to be charged makes such reference to another writing as that, construing them together, all the terms of a bargain are expressed, it is sufficient under the statute of frauds; and parol evidence is admissible to identify the paper referred to and apply the reference:

2. SAME.   *Offer in writing.   Acceptance.*
    Where there is a written offer to purchase certain property on definite terms, and a response stating acceptance, the communications being signed by the respective parties, and the answer bears internal evidence that it refers to the offer, the two papers are to be read together, and constitute a contract in writing.

FROM the circuit court of Amite county.

HON. J. B. CHRISMAN, Judge.

This was a suit for damages brought by the appellant, Wilkinson, against the Taylor Manufacturing Company, of Chambersburg, Pa., for the non-performance of an alleged contract for the purchase of certain machinery. The agent of defendant took from plaintiff, addressed to defendant, an order for the purchase of the machinery, which was full and specific as to the description of the property, terms of payment, and other particulars of the contract.

This was signed by plaintiff and sent by mail to defendant, and the defendant responded by letter, addressed to plaintiff, as follows :—

"Your order through Mr. Weathersby was received on Sept. 11th, and we will ship to-day and push it through as fast as possible. We returned the notes for them to be properly made out, as the interest clause had been put in incorrectly.

"Very truly yours,<br>"TAYLOR MFG. CO."

On the trial plaintiff introduced the order given by him, together with the response of the defendant, and offered to show by parol that the order was taken and the letter written in reply ; that these referred to the purchase of the machinery named ; that the machinery was not sent according to the contract, and that plaintiff had been damaged. The court excluded the evidence, and a verdict was rendered in favor of defendant. The other facts are stated in the opinion of the court.

Plaintiff appeals.

*Cassedy & Ratcliff*, for appellant.

1. The agent of defendant was authorized to act for the company, and it was not necessary that the contract should be signed by it.

2. But the company ratified the contract by a letter which was duly signed. The case of *Frank* v. *Eltringham*, cited by opposite counsel, has no application.

*T. McKnight*, for appellee.

The communication from Wilkinson is nothing more than an order for machinery in which he reserves the right to refuse to take it on arrival by paying the freight. It is signed only by Wilkinson, and not by appellee or its agent. Code 1880, § 1295 ; *Frank* v. *Eltringham*, 65 Miss. 281.

The court did not err in excluding testimony. The order shows that other papers were to be signed by the appellant before the contract was complete, even if appellee had signed. The letter written by appellee was nothing more than an acknowledgment of the receipt of the order.

CAMPBELL, J., delivered the opinion of the court.

The evidence introduced by the plaintiff should not have been excluded. One paper was a formal contract, with detailed specification of what was purchased, and by whom, and of whom, and on what terms, etc. This was signed by Wilkinson only, and directed to the Taylor Manufacturing Company, and was in duplicate, and a copy taken by the company's agent, and one kept by Wilkinson. The other writing is a letter written, and *signed* by the Taylor Manufacturing Co., and addressed to Wilkinson, in which the receipt of his order was acknowledged, and a promise to ship at once made. The order of Wilkinson was on a blank furnished by the company. The statute of frauds does not require that one piece of paper shall contain the memorandum of the contract, and it may be in several, if the paper signed by the party to be charged makes such reference to the other writing, as to enable the court to construe them all together, as constituting all the terms of the bargain, and parol evidence is admissible to identify the paper referred to, and apply the reference. 1 Benjamin on Sales, §§ 220–221 ; Reed on Stat. Frauds, § 341, *et seq.*

The letter of the Taylor Manufacturing Co. contains *internal* evidence that it refers to the paper signed by Wilkinson, and the two papers are to be read together, and thus read, there is a complete written contract signed by both parties.

*Reversed and remanded.*