RECTOR PROVISION CO. v. N. & W. SAUER.

1. STATUTE OF FRAUDS. *Personal property. Memorandum of sale.*

   The requirement of the statute of frauds of a note or memorandum in writing of the bargain, signed by the party to be charged, is not satisfied by telegrams containing an order for the purchase of goods, and a reply, unless the telegrams, taken together, and without the aid of parol testimony, show the substantial terms of the bargain, including the price. *Frank* v. *Eltringham*, 65 Miss., 281.

2. SAME. *Memorandum of sale. Evidence. Declaration.*

   In such case, the telegram not being introduced, proof of a statement made by the seller's agent who forwarded the order, that he had a telegram from his principal confirming the sale, is not evidence that there was a sufficient memorandum of the bargain.

FROM the circuit court of Warren county.
HON. J. D. GILLAND, Judge.

This action, begun by attachment, was brought by the Rector Provision Company, of Vicksburg, Miss., against N. & W. Sauer, wholesale flour-dealers, at Red Bud, Ill., to recover damages for an alleged breach of a contract to sell five hundred barrels of flour. It is denied, on the part of the defendants, that there was any contract valid under the statute of frauds. The facts, as shown by the evidence, were these: Rector, acting for the plaintiff company, made to Gray, defendant's broker in Vicksburg, an offer to purchase five hundred barrels of a certain brand of flour, at $4.30 per barrel, to be shipped from Chester, Ill. Nothing was said as to time of payment, but there is evidence that the custom of the trade, known to all the parties, was that such sales were on thirty days' credit. Gray communicated the order to defendants, and shortly afterwards came to Rector with a telegram in his hand, and stated to him, "here is a telegram from my house confirming the sale." The telegram itself was not introduced, although its production was demanded; but among the tele-

grams and letters produced is one from defendants to Gray, asking for shipping instructions for the " Rector lot" of flour. 'The Rector Provision Company then wrote, giving shipping instructions and requesting defendants to draw on them at thirty days, or at sight with one per cent. discount for the price. Not hearing further from the order, plaintiff again wrote, giving shipping instructions and peremptorily demanding the shipment. To this letter defendants replied that the order, as communicated by Gray, contemplated a cash sale, and declining to ship. Meantime flour was advancing' in price, and, upon receipt of the letter from N. & W. Sauer, plaintiff telegraphed them to ship at once and to draw at sight. Defendants refused to ship the flour, and plaintiff brought this action to recover for the loss of the bargain. Upon motion of defendants, the evidence introduced by plaintiff was excluded because there was no written contract for the sale of the flour. The motion was sustained, and a peremptory instruction given in favor of defendants. Judgment accordingly, and plaintiff appeals.

*M. Marshall*, for appellant.

There is sufficient evidence of a written contract to satisfy the requirement of the statute of frauds. The statements of defendants' broker, and their telegram asking shipping instructions, prove it. The existence of the telegram confirming the sale was shown as fully as the nature of the case required. It was in possession of defendants, who refused to produce it when called for. The agent's statement, being about a matter peculiarly within their knowledge, must be taken as true. 1 Greenl. Ev., § 79; 4 La. Ann., 293. It proves the existence of the telegram. 1 Greenl. Ev., § 96. Notice to produce admits secondary evidence. *Witcher* v. *Wilson*, 47 Miss., 663; 1 Greenl., 560. Defendant, failing to produce, cannot take advantage of his own wrong.

On the motion to exclude, every thing is taken as admitted which the evidence tends to prove.

*Birchett & Shelton,* for appellees.

Gray's statement that he had a telegram *confirming* the sale was merely his construction of its meaning. There must be a memorandum, signed by the party to be charged, and it must be exhibited and its contents proved, that the court may pass upon it. The opinion of the witness as to its legal effect is incompetent. Besides, if the telegram confirmed any order, it was that contained in Gray's telegram, and that was for a cash sale. In the uncertainty it cannot be said what sort of contract was contemplated.

CAMPBELL, C. J., delivered the opinion of the court.

As the telegram sent by Gray to the appellees was not put in evidence, the admission or declaration made by Gray to Rector that he had a telegram from his house "confirming the sale," was insufficient to satisfy the statute of frauds, because it does not show the terms of the sale, which is necessary. *Frank* v. *Eltringham*, 65 Miss., 281. It fails to show what sale was confirmed.

We express no opinion on the ruling admitting the agent's declaration as evidence, as that is not before us, since it was admitted at the instance of the appellant.

If the telegram sent by Gray to the appellees, and which counsel for the appellees treat as being in evidence, was before the court in connection with all the correspondence between the parties, it would appear that the "note or memorandum in writing of the bargain," made and signed by the party to be charged, was insufficient; for, if it be assumed that the declaration of Gray to Rector is evidence of a memorandum in writing, made and signed by his principals, it would be held that they accepted the offer conveyed by Gray's telegram, and that is insufficient to charge them, because the two telegrams together failed to "show the substantial terms of the bargain, so that it may be seen and understood from the writing, and without the aid of parol testimony." *Frank* v. *Eltringham*, 65 Miss., 281. There is no mention in the

telegram sent by Gray of the price of the article, which is the essential part of the contract, and that which gave rise to this controversy. 8 Am. & Eng. Ency. L., pp. 722, 726.

So, in any view of this case, the action of the circuit court in instructing for the defendants was correct.

The presumption invoked by counsel for the plaintiff, to the effect that the declaration by Gray that he had a telegram confirming the sale, should be accepted as evidence of a sufficient memorandum (one containing all that is necessary) to charge the parties, cannot be indulged. It cannot be held to prove any thing more than that some sale was confirmed, and it devolved on the plaintiff to show what sale was confirmed, and it was not sufficient to prove it by parol evidence. The plaintiff had the telegram sent by Gray, and interrogated witnesses about its terms. If that had been put in evidence, it would have appeared that the writings signed by the parties sought to be charged were insufficient, and it is not allowable to obtain by intendment the result which should be reached by direct evidence, and which it plainly appears could not be thus reached in this case.

*Affirmed.*