CENTRAL SHOE Co. *v.* J. P. CONN & Co. *et al.*

(Division B. March 23, 1931.)

[133 So. 126. No. 29302.]

**Fred M. Bush,** of New Hebron, and **G. Wood Magee,** of Monticello, for appellant.

E. B. Patterson and C. E. Gibson, both of Monticello, for appellees.

**Anderson, J.,** delivered the opinion of the court.

Appellant brought this action in the circuit court of Lawrence county against the appellee J. P. Conn & Co. on an itemized sworn account, and against appellee J. P.

154

Conn on an alleged guaranty for the payment of the account for shoes sold by appellant to the appellee J. P. Conn & Co. There was a judgment against J. P. Conn & Co., which concern was bankrupt, for the amount sued for, and a verdict and judgment in favor of J. P. Conn. From the latter judgment, appellant prosecutes this appeal.

J. P. Conn & Co. was a corporation engaged in the Mercantile business at Monticello, in Lawrence county. J. P. Conn was president of the company. J. Z. Wilson was in charge of the business, and was the purchaser for the company; J. P. Conn having nothing to do with the buying. Appellant is a St. Louis concern, engaged in the wholesale shoe business. In May, 1929, appellant, through one of its traveling salesmen, sold J. P. Conn & Co. a bill of shoes. The purchase was made by Wilson, the manager for J. P. Conn & Co., being evidenced by a written order, describing the shoes and prices. On receipt of the order, appellant investigated the financial condition of J. P. Conn & Co., and, finding it unsatisfactory, wrote them a letter, dated May 15, 1929, to that effect, requesting that J. P. Conn guarantee the payment of the bill. On May 17, 1929, appellant telegraphed J. P. Conn as follows: "Will you please wire us guaranty order 244 for 26 dozen. Thanks." On May 19, 1929, J. P. Conn replied to this telegram as follows: "I guarantee order 244 for 26 dozen." Thereupon the shoes so ordered were immediately shipped to J. P. Conn & Co.

Shortly prior to August 13, 1929, J. P. Conn & Co. ordered another lot of shoes from appellant, consisting of twenty-four dozen pairs; and, as in the first order, the shoes and prices were listed. On August 13, 1929, appellant wrote to J. P. Conn, requesting that he guarantee this order. In that letter appellant stated that it had just received an order through its representative, Mr. Ford, for twenty-four dozen pairs of shoes, to be shipped at

once to J. P. Conn & Co., and that with the order Ford had written that J. P. Conn would guarantee the payment of the amount of the order at the maturity date, which was October 1st. The letter requested that J. P. Conn confirm Ford's statement "to the effect of guaranteeing payment at the maturity date of orders just recently received." J. P. Conn received this letter, and returned it to the appellant, with the following written at the bottom, and signed by him: "I will comply with your request as stated above. August 15th, 1929. Yours very truly, J. P. Conn."

The question in the case is whether or not, under the statute of frauds, the telegrams and letter referred to constituted a sufficient memorandum in writing to bind appellee J. P. Conn for the payment of the account of J. P. Conn & Co. sued on.

Over appellant's objection, the court admitted evidence that J. P. Conn did not intend by the telegrams and letter to guarantee the payment of the account, but only intended, as president of J. P. Conn & Co., to ratify the action of Wilson in purchasing the shoes for the company.

We are of the opinion that the telegrams and letter, together with the parol evidence, were sufficient to bind J. P. Conn for the debt of J. P. Conn & Co. The first section of the statute of frauds (section 3343 of the Code of 1930) provides, among other things, that an action shall not be brought to charge a defendant upon a promise to answer for the debt or default or miscarriage of another person, unless the promise or agreement upon which such action may be brought, or some memorandum or note thereof, shall be in writing, signed by the party sought to be charged therewith, or some person by him thereunto lawfully authorized in writing.

The written memorandum or contract is not required by the statute to be in one writing; it may be in several

different writings necessarily connected with each other. If a paper signed by the party sought to be charged makes such reference to another writing as that, construing them together, all the terms of the bargain are expressed, it is sufficient under the statute, and parol evidence is admissible to identify the paper referred to and apply the reference. Wilkinson v. Taylor Mfg. Co., 67 Miss. 231, 7 So. 356; Fisher v. Kuhn, 54 Miss. 480; Rector Provision Co. v. Sauer, 69 Miss. 235, 13 So. 623.

Here we have the written orders of J. P. Conn & Co. for the shoes, setting out in detail the number of pairs ordered in the prices and the dates of the orders. Then there are the telegrams and letter referred to, by the terms of which J. P. Conn guaranteed the payment of the orders. We think the telegrams and the letter and the orders for the shoes point to each other with sufficient certainty. But, in addition to the evidence to that effect which they bear on their face, J. P. Conn testified in the case, and admitted that the telegrams and the letter referred to the account sued on; but, as stated, he testified that there was no purpose on his part to guarantee the payment of the account, but only to certify to Wilson's authority to buy the shoes for J. P. Conn & Co. The latter testimony was clearly incompetent, because it went to contradict the plain terms of the contract, as embodied in the telegrams and the letter. Appellant's request for a directed verdict against J. P. Conn should have been granted.

Reversed, and judgment here for appellant.