## HAMILTON v. MORRISON et al.

### No. 11044.

Circuit Court of Appeals, Fifth Circuit.

Jan. 3, 1945.

Rufus Creekmore and O. B. Taylor, both of Jackson, Miss., for appellant.

Ellis B. Cooper and Walter S. Welch, both of Laurel, Miss., for appellees.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

The complaint was dismissed for want of a sufficient memorandum in writing to satisfy the Statute of Frauds, and this appeal followed.

The case set up, so far as is necessary here to state it, is that on December 20, 1943, Miss Helen Morrison orally agreed with appellant Hamilton to sell for $8,000 a one-fourth royalty interest in and to all oil and gas under 113 acres of land in Jasper County, Mississippi, being all the land she owned in that County, $20 being paid in cash and the balance to be paid by 3 P. M. the next day. Miss Morrison delivered to Hamilton, on his request for a description of the land, some deed or other writing containing a description which he copied into a form of royalty transfer which he had, making an original and two copies of the transfer. He also wrote out a receipt for the $20. Miss Morrison signed the receipt and received the original and a copy of the royalty transfer, which she was to execute when the transaction should be completed. Hamilton took the receipt, and in her presence folded it in the second copy of the transfer, and kept them in his possession. The next day, before noon, Miss Morrison agreed to extend the time to 12 M. on December 22, 1943, and informed Hamilton that she desired another kind of transfer, to which Hamilton agreed, and she signed a second receipt. Before noon on December 22, Hamilton tendered to her the balance of $7,980, and a transfer form of the sort she had requested, but she refused to take the money, or execute the transfer. The first transfer form was to Dave Black as grantee. The second was

to Hamilton himself. Black was an agent of Hamilton and was intended to hold as trustee for Hamilton. The royalty interest proved to be worth $30,000. The relief prayed was specific performance by compelling Miss Morrison to execute the second form of transfer, or alternatively a recovery of damages in the sum of $22,000.

The Mississippi Statute, Code of 1942, Title 2, Sect. 264(c), provides that no action shall be brought to charge any person upon any contract for the sale of lands, tenements or hereditaments "unless, in each of said cases, the promise or agreement upon which such action may be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or some person by him or her thereunto lawfully authorized in writing." In an early case, Waul v. Kirkman, 27 Miss. 823, it was said: "The rule upon this point is well settled to be, that the memorandum, in order to satisfy the statute, must contain the substantial terms of the contract expressed with such certainty that they may be understood from the contract itself, or some other writing to which it refers, without resorting to parol evidence. * * * And when reference is made in the memorandum to another writing, it must be so clear as to prevent the possibility of one paper being substituted for another." See on the same line McGuire v. Stevens, 42 Miss. 724, 2 Am.Rep. 649; Holmes v. Evans, 48 Miss. 247, 12 Am.Rep. 372; Central Shoe Co. v. J. P. Conn & Co., 160 Miss. 151, 133 So. 126. One of the necessary terms of the contract is of course a sufficient description of the lands. Taylor v. Sayle, 163 Miss. 822, 142 So. 3; Nickerson v. Fithian Land Co., 118 Miss. 722, 80 So. 1.

Now the only writing signed by Miss Morrison reads thus: "Received from H. A. Hamilton Twenty Dollars cash, Balance $7980 due on or before 3 o'clock Tuesday Dec. 21, 1943, for ¼ royalty under 113 acres of land in Jasper County Miss. Miss Helen Morrison." The receipt signed the next day was identical except that the time of payment was changed to 12 o'clock Wednesday, December 22, 1943. These writings indicate a sale by Miss Morrison to Hamilton for $8,000, $20 cash and balance due at a named date, of some sort of royalty under 113 acres of land in Jasper County. Plainly there is no sufficient de-scription of what was to be sold. Neither the land nor the kind of royalty is described. The effort is to aid the writing by the transfer forms which describe certain lands and royalties, but while these agree in a sufficient description of 43 acres of land they fail to describe the other 70 acres, and they disagree as to the grantee; and the first conveys an undivided ¼ interest in all the oil and gas under the described land, but if any lease has been made, then the same fractional interest in the royalties; while the second recites generally that there is a lease, and conveys ¼ of the royalties arising under it; and there are other different provisions. There is no reference in either receipt to any other writing whatever. Parol evidence must be resorted to, not to identify some other writing referred to in the signed receipt, but even to show that there was some other writing. The situation is not like Wilkinson v. Taylor Mfg. Co., 67 Miss. 231, 7 So. 356, where the letter relied on was plainly a reply to another.

Reliance is finally placed upon the fact that the first receipt and transfer form were by Hamilton in Miss Morrison's presence folded together and kept by him, and it is argued that this amounts to attaching them to one another so as to make them one writing. We are cited to Bolton v. Bolton, 107 Miss. 84, 64 So. 967, where a testator took the signature of an attesting witness on a separate sheet, and folded it with his will and handed the two sheets thus folded to another person as his completed will, and the attestation was upheld. That case was not an interpretation of the statute before us, and furthermore is to be distinguished from the present case in that the testator himself folded the two papers and delivered them together, whereas here Hamilton did the folding and kept the papers himself. And it is not the receipt and transfer form thus folded together which are here sought to be enforced, but another receipt made the next day and another transfer form written still a day later and never folded with any receipt nor referred to in any, nor even in existence when any receipt was signed. The trial court correctly held that Miss Morrison was not, by any writing signed by her, bound to execute this transfer form, nor to respond in damages for her refusal.

Judgment affirmed.