PATRICK McGUIRE *v.* JAMES O. STEVENS *et al.*

1. STATUTE OF FRAUDS: WRITTEN CONTRACT FOR SALE OF LANDS MUST BE CERTAIN.—Every agreement which is required by the Statute of Frauds to be in writing must be certain, or capable of being made certain by reference to something else, whereby the terms and subject-matter of the agreement can be ascertained with reasonable precision; otherwise, it cannot be carried into effect. 13 Johns. 297.

Patrick McGuire *v.* James O. Stevens et al.

2. SAME: ORAL EVIDENCE NOT ADMISSIBLE TO SUPPLY OMISSIONS IN WRITTEN INSTRUMENTS. — Oral evidence is inadmissible for the purpose of supplying an omission in contracts or agreements which are required by law to be in writing, or to give effect to a written instrument which is void for uncertainty.

3. SAME: SPECIFIC PERFORMANCE WHERE WRITTEN CONTRACT DOES NOT IDENTIFY LAND. — The specific performance of a contract respecting land will not be decreed, unless the written instrument in reference thereto identifies the land, or furnishes the means of identifying it with sufficient certainty. 8 S. & M. 681.

4. SAME: WHEN WRITTEN INSTRUMENT DOES NOT SPECIFY THE TERMS OF CONTRACT. — A receipt for a sum of money, expressing that it was for cash paid for the purchase of a lot of land, without specifying the terms of the contract, is not such a memorandum as will take the case out of the bar of the Statute of Frauds.

5. SAME: PAROL EVIDENCE ADMISSIBLE' TO CONSTRUE AND APPLY, BUT NOT TO SHOW WHAT WAS INTENDED TO BE EXPRESSED. — When the law requires contracts to be in writing, parol evidence is admissible to construe and apply the terms of the writing, but not to show what was intended to be expressed by it.

6. SAME: PART PERFORMANCE. — Part performance will not relieve a parol contract for the sale of lands from the bar of the Statute of Frauds.

APPEAL from the Chancery Court of Hinds county. Hon. John Watts, chancellor.

The receipts which are referred to in the opinion of the court are as follows:

" Received of Mr. Patrick McGuire two thousand dollars, it being in part payment for a house and lot sold him by my brother, C. M. Stevens, Jackson, Miss., Oct. 8, 1863.

"J. O. STEVENS."

" Received Nov. 22, 1863, of Patrick McGuire, seven hundred dollars, as part payment on house and lot.

"CHAS. M. STEVENS."

" Received of Pat. McGuire, July 22, 1864, three hundred and sixty dollars. CHARLES M. STEVENS.

" Balance due C. M. Stevens, $440."

"Received, Aug. 14, 1864, of P. McGuire, one hundred and eight dollars.                                  CHAS. M. STEVENS."

"Received, Oct. 22, 1864, of P. McGuire, one hundred dollars, for Chas. M. Stevens.                        E. BENNETT."

The bill states that Chas. M. Stevens was the agent of J. O. Stevens; that the land mentioned in the receipt and sold to McGuire was conveyed by Bailey to J. O. Stevens, and is described by metes and bounds in the bill.

*W. & J. R. Yerger* for appellant.

It was error in the court to sustain the demurrer and dismiss the bill. We do not deny that it is well settled, that part payment of purchase-money is not sufficient to take a case out of the bar of the Statute of Frauds. And it is also true, that in this State and Tennessee delivery of possession of real estate is not sufficient to take a case out of that statute. But a contrary doctrine is held in England, and perhaps in every other State in the Union except these two. See *Finucane* v. *Kearney*, Freeman's (Miss.) Ch. Rep. 65; Sto. Eq. Jur. § 1522.

But we do insist that the memorandum or note of the transaction is sufficient compliance with the statute, and that no principle in law is better established than this: Where a party is in possession of real estate, living upon it, claiming it, and holding it against all the world; and claiming to hold it, too, under a written memorandum which clearly shows the purchase of some real estate from a party whose heirs seek to eject him — in such a case, parol evidence will be received for the purpose of identifying and establishing what was the property sold, that there was a sale of land between the parties, the terms of the sale, etc. 13 Peters, 94; *Nixon's Heirs* v. *Carco's Heirs*, 28 Miss. 414; and see especially 13 Peters, 94.

But it is objected that the memorandum does not clearly show what was the amount due for purchase-money; that it only purports to be for part of it. Admit this to be true, is McGuire to be affected by it? When it is clear that Stevens

Patrick McGuire *v.* James O. Stevens et al.

sold the house, are McGuire's rights to be prejudiced because Stevens neglected to take a memorandum showing the amount due ? Clearly not.

However, the third receipt clearly shows what the balance due was, and is in the handwriting of Charles M. Stevens. It is true that it does not state in actual words the balance due *on the house;* but this in no wise affects the case. The fact of the sale is clearly established ; part payment, made at sundry times, is shown by the receipts, and succeeding these is the final one, stating the balance due.

*Johnson & Johnson* for appellees.

Courts of equity in the different States of the Union have differed widely in the construction of their powers under the Statute of Frauds.

It has been the subject of numerous decisions in the English courts, under the various phases and features of the peculiar cases presented. See fully Sugden on Vendors, vol. i. 140 *et seq.*

In many instances the statute has been relaxed, which has been deprecated by the most eminent English jurists. For instance, see *Lindsay* v. *Lynch,* 2 Sch. & Lef. 4. And also by Chancellor Kent ; 4 Kent's Com. 151, and cases cited.

The statute of our State is plain on the subject, and must be strictly followed. Rev. Code, art. 1, 358. Courts of equity follow the law, and are governed by its requirements. 3 Black. Com. 430.

The decisions of our High Court, in their construction of the Statute of Frauds, are in strict accordance with these principle, and here follow the Statute strictly to the letter. *Beaman* v. *Buck,* 9 S. & M. 210 ; *Williams* v. *Stratton,* 10 ibidem, 426 ; *Box* v. *Stanford,* 13 ib. 95 ; *Skipwith* v. *Dodd,* 24 Miss. 487 ; *Gothard* v. *Flynn,* 25 ib. 58 ; *Cattell* v. *Bacon,* 33 ib.

In two cases involving the Statute of Frauds, a strict adherence to the provision of our statutes by courts of equity is prescribed as the rule. *Ingraham* v. *Regan,* 23 Miss. 213 ; *Smith* v. *Westmoreland,* 12 ib. 665. Surely these cases put the question at rest in our State, no matter how the English or any other tribunals have decided.

The writing must contain the substantial terms of the contract, expressed with such certainty that they may be understood from the writing itself, or from some other writing to which it refers, without resorting to parol evidence. Otherwise, *all* the danger of perjury, intended to be guarded against by the statute, would be let in. *Waul* v. *Kirkman*, 27 Miss. 823, and numerous authorities therein cited; Sugden on Vendors, vol. i. 118, 194; *Abeel* v. *Radcliff*, 13 Johns. Rep. 297; *Blagden* v. *Bradbear*, 12 Vesey's Ch. Rep. 466; 2 Kent's Com. 511; Parsons on Contracts, 3 vol., 17; 1 vol., Stark. on Ev. 504; 1 Green. Ev. 299; *Beard* v. *White*, 1 Ala. 436; *Allison* v. *Fox*, 5 La. 460; 3 Parsons on Con. 14, 15; *Parkhurst* v. *Van*, 1 Johns. Ch. Rep. 273; *Ide* v. *Stanton*, 15 Vt. 685; *Clinan* v. *Cooke*, 1 Scho. & Lef. 22; *Bailey & Bogert* v. *Egdens*, 3 Johns. Ch. Rep. 399; Prac. in Chancery, 560; 1 Vesey, Jr. 333; *Champion* v. *Plummer*, 1 Bos. & Pull. N. R. 252; *Brodie* v. *St. Paul*, 1 Vesey's Ch. Rep. 326; *Wilkinson* v. *Davis*, Freeman's Ch. Rep. 53. *If the writing is in several parts they cannot be connected by extrinsic evidence.* 3 Parsons on Con. 17; 1 Stark. on Ev. 504; 1 Green. Ev. 299.

There can be no doubt but that the object of the law is to exclude parol evidence in enforcing contracts for the sale of real estate, and that the written contract must express all its terms with sufficient certainty to enable the court to act upon it without resorting to parol evidence; and when the writings are in separate parts they cannot be connected by parol evidence.

Then the question arises, Are the writings filed in this case a sufficient compliance with the statute? Clearly, they are not. There is no contract expressed, no property described, but merely a "house and lot;" and does not say where, unto whom the house belonged, whether to J. O. or C. M. Stevens; no price is named; and there is no connection between the writings, requiring at every step a link of parol proof, which would be in direct antagonism to our statute and the long list of authorities above cited.

But even if the writings are sufficient under the statute, still none of the defendants to the bill can be affected by them.

The bill shows that C. M. Stevens never held the legal title to the property. It does not allege that he had any interest at all in it, and it must be concluded that he had none — legal or equitable.

Jane E. Stevens purchased from J. O. Stevens, without notice, etc.; and certainly she cannot be made to convey, even if J. O. Stevens is bound by the contract set up, and could be made to convey. All the receipts filed with the bill are those of C. M. Stevens. There is not a syllable in any of these writings to bind J. O. Stevens, and they do not even refer to him. There is nothing to bind him but one single allegation in the bill—that he promised he would make a deed to complainants, and this is an alleged *verbal* promise.

In conclusion, the case of *Allen & Burt* v. *Bennett*, 8 S. & M. 627, is peculiarly apposite to this case, wherein the facts are more favorable by far to appellant's side than the facts in his own case here presented; and that decision is thoroughly conclusive of the question in favor of these appellees.

PEYTON, J., delivered the opinion of the court.

It appears from the record in this case, that one Charles M. Stevens, in the year 1863, contracted with the appellant to sell him a lot of land, the title to which was in the appellee, James O. Stevens. Certain receipts of the said James O. Stevens and Charles M. Stevens, acknowledging the receipt of certain sums of money from the appellant, in part payment for a house and lot, without designating the same, or referring to anything by which they could be ascertained, are the only evidence in writing of the said contract.

The appellant filed his bill in Chancery for a conveyance of said lot to him, and for an injunction to restrain the prosecution of an action of ejectment against him by the appellee, Jane E. Stevens, to whom said property had subsequently been conveyed by the said James O. Stevens. To this bill the appellees filed their demurrer, which was sustained by the court, and the bill dismissed. And from this decree the case comes here by appeal.

The main question for our determination is, whether this

contract is such as can be specifically enforced under our stat-ute to prevent frauds and perjuries, which provides that no action shall be brought upon any contract for the sale of lands, tenements, or hereditaments, unless the promise or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person by him or her thereunto lawfully authorized.  Rev. Code, 358, art. 1.

It is insisted by the counsel for the appellees that the specific performance of the contract cannot be enforced, on account of the uncertainty of its subject-matter.   We think this is the correct view of it; for every agreement which is required to be in writing by the Statute of Frauds must be certain in itself, or capable of being made so by reference to something else, whereby the terms can be ascertained with reasonable preci-sion; otherwise it cannot be carried into effect.  *Abeel* v. *Rad-cliff*, 13 Johns. 297; Fry on Specific Performance, 166.

Oral evidence is inadmissible for the purpose of supplying an omission in an instrument where written evidence is required by law, because to admit it would virtually be to give to oral the superior force of written evidence, and occasion that to pass by parol which by law ought not to pass but by writing.  And it is upon the same principle inadmissible to give any effect to a written instrument, which is void in law for uncertainty.  3 Starkie's Ev. 1000; *Woollam* v. *Hearn*, 2 White & Tudor's Leading Cases in Equity, 589.

It is well settled both in England and in this country, that under the Statute of Frauds there can be no specific execution of a contract in respect to land, unless the parties have described and identified the particular tract which is to pass from one to the other; or unless the contract furnishes the means of identi-fying with certainty the land to be conveyed.  1 Sugden on Vendors, 118; *Blagden* v. *Bradbear*, 12 Vesey, 466; *Reed's Heirs* v. *Hornback*, 4 J. J. Marsh, 377; *Allen* v. *Bennett*, 8 S. & M. 681.

In the case of *Wilkinson* v. *Davis's Administrator*, the court says, "that every contract or deed for the conveyance of land

must define its identity and fix its locality, or there must be such a description of the land as, by the aid of parol evidence, will readily point to its locality and boundaries. But if the contract is void by reason of the uncertainty in the description of the subject-matter, parol evidence is not admissible to supply the omission." Freeman's Ch. Rep. 58.

A receipt for a sum of money,-expressing that it was the cash part of the purchase of a lot of land, without specifying the terms of the contract, is not such a memorandum as will take the case out of the statute against frauds and perjuries. *Ellis* v. *Deadman's Heirs*, 4 Bibb. 466; *Allen* v. *Bennett*, 8 S. & M. 681.

It seems to be well settled, that direct evidence of intention, as contradistinguished from evidence to show the intent expressed by the words or language of an instrument, is inadmissible. Extrinsic evidence is admissible only to *construe* and *apply* the terms of the writing. The rule in such cases confines the inquiry to the *meaning of the words used;* and hence all extrinsic evidence tending to prove, not what the party *has expressed*, but what *he intended to express,* is obviously calculated to throw no light on the real matter in dispute.

In the case at bar, there is nothing in the receipts to point out or locate the lot, nor is there anything referred to therein to identify it, or by which its location can be ascertained. They are too vague and uncertain to be the foundation of a decree. It has been held by the Supreme Court of the United States, that if the land granted be so inaccurately described as to render its identity wholly uncertain, the grant is void. *Boardman* v. *The Lessees of Reed*, 6 Peters, 345; 1 Greenleaf's Evid. 350, § 301.

The agreement in this case is too indefinite and uncertain to authorize a decree for specific performance of it; and to let in parol testimony to supply the omission in the agreement, would be to allow that to pass by parol, which by law ought not to pass but by writing, and would open the door to all the mischiefs intended to be provided against by the statute.

This court has repeatedly decided, that a bill to enforce a parol contract for the sale of land cannot be maintained in this State, and that part performance will not take a parol sale of lands out of the Statute of Frauds. The statute contains no exceptions in regard to such contracts, and it is not for us to create exceptions where none exist in the statute. *Beaman* v. *Buck,* 9 S. & M. 210 ; *Box* v. *Stanford,* 13 S. & M. 93.

For these reasons we think the court below did not err in sustaining the demurrer and dismissing the bill.

The decree will therefore be affirmed.