MICHAEL HOLMES v. ELIZA EVANS and P. L. MONAHAN.

48  247
87  594

1. CONTRACTS—STATUTE OF FRAUDS.—A receipt duly signed for "$100, as part payment on a piece of property on the corner of Main and Pearl streets, city of Natchez, county of Adams, state of Mississippi," is defective as a contract under the statute of frauds, being void for uncertainty; and a bill in equity to enforce specific performance of the agreement to which it was claimed to refer, was properly dismissed.

APPEAL from the chancery court of Adams county. WALKER, Chancellor.

The opinion of the court contains a sufficient statement of the case.

*W. T. Martin* and *Winchester & North,* for appellant.

All that is demanded by the statute of frauds is, that the writing shows a contract or promise to sell the property to be sold, and the parties to it. That the consideration of the promise need not appear in the writing is not open to controversy. Violet v. Patton, 5 Cranch, 142; Taylor v. Ross, 3 Yerg.; Gilman v. Kibler, 5 Humph. 19; Wren v. Pierce, 4 S. & M. 91; Johnson v. Ronald, 4 Mumf. 77; Hatcher v. Hatcher, 1 McMullen Ch. 311; How v. Kimball, 2 McLean, 163; Packard v. Richardson, 17 Mass. 122; Sage v. Wilcox, 6 Conn. 81; 2 Pars. on Cont. 296, note.

The contract to sell may be collected or implied from the words used, and it is not necessary that it be expressed by words literally importing a promise. Smith on Cont. 49–51; 2 Pars. on Cont. 293, note 3; 1 Bing. (N. C.) 761; 6 ib. 201; Wain v. Barters, 5 East, 10; How v. Kimball, 2 McLean, 106.

When there is any ambiguity with respect to the meaning of the words used, the judge is permitted to put himself in the place of the contracting party, and by the light of surrounding circumstances interpret the words, or declare the meaning in the sense in which they were made. 1 Greenl. Ev. §§ 236, 287, note 3, 295; Bainbridge v. Wade, 1 Eng. L. & Eq. 236 and cases cited; Haigh v. Brooks, 10 Ad. & El. 309; 37 Eng. L. & Eq. 108, 114, and cases cited; 2 ib. 15; Livingston v. Ten Broek, 16 Johns. Ch. 22; Venable v. McDonald, 4 Dana, 336; Ellsworth v. Buckenyer, 1 N. & McC. 151; 2 Phill. Ev. (Cow. & Hill's notes), note

263 ; Gressly's Eq. Ev. 279 ; 287, notes; Wigram on Extrinsic Ev. 138.

*W. F. Mellen* and *Harris & George,* for appellees.

The statute of frauds is intended for the protection of vendors, to prevent their being forced by decrees of courts, obtained through frauds and perjuries, to part with the title to their property for less sums or on less favorable terms than they were willing to do ; or to sell lands not intended to be sold.   Sims v. Hutchinson, 8 S. & M. 331.   Courts of equity will only decree a specific performance of a contract for the sale of lands, when the contract is in writing, and is certain and is fair in all its parts, and is capable of being performed, and not otherwise.   8 S. & M. 680, 681 ; Story Eq. Jur., §§ 757, 764, 767, 770.   The contract must be definite, clear and unequivocal.   Ib.   Courts have been opposed to allowing any exceptions to the statute.   8 S. & M. 680, 681 ; 2 Story Eq. Jur. 766 ; Beaman v. Buck et al. 9 S. & M. 207 ; Harrston v. Jordan, 42 Miss. 383 ; 13 S. & M. 93 ; 25 Miss. 88 ; McQuire v. Stevens, ib. 724 ; Farley v. Stokes, Pars. Select Cases, 400 ; Farish v. Koons, ib. 80 ; Parkhurst v. Van Courtland, 1 Johns. Ch. 273.

Chancery will not decree specific performance of an engagement for the conveyance of property where it is voluntary and without consideration.   Vasser v. Vasser, 23 Miss. 378.   Nor will courts of equity enforce contracts unless they are certain in terms.   Montgomery v. Morris, 1 How (Miss.) 499 ; Moore v. Vick, 2 ib. 747 ; 42 Miss. 724 ; 4 Bibb, 466 ; Allen et al. v. Bennett, 8 S. & M. 680, 681 ; Benjamin on Sales, 153, 160 ; Hilliard on Sales, ch. 25, §§ 12, 16 ; Hilliard on Vendors (2d ed.), ch. 7, §§ 14, 15.   The writing is full proof of the agreement, and cannot be aided or explained by parol evidence.   Allen et al. v. Bennett, 8 S. & M. 680, 681 ; Kerr v. Kuykendall, 44 Miss. 137 ; Benjamin

on Sales, 153, *et seq.*; 42 Miss. 724; Stone v. Buckner, 12 S. & M. 73. Fraud affords no ground for relief, and need not be answered or denied under oath, where, admitting the fraud, equity cannot grant the relief. Box v. Sanford, 13 S. & M. 93; 6 How. (Miss.) 364; 5 S. & M. 17; 7 ib. 456; 8 ib. 773.

Frauds and perjuries may be committed as well in the description of property as in altering the terms of sale; as well in changing the terms of sale as in converting an agreement for mortgage, or for repairs or improvements, into a sale where no sale was meant. See authorities cited *supra*.

PEYTON, C. J.:

This is an appeal from a decree of the chancery court of Adams county, dismissing a bill filed by the appellant against the appellees to enforce the specific performance of a contract for the sale of real estate in the city of Natchez, which is in writing in the words and figures following, to wit,:

"NEW ORLEANS, *June* 25th, 1870.

"Received from M. Holmes one hundred dollars, as part payment on a piece of property on the corner of Main and Pearl streets, city of Natchez, county of Adams, state of Miss.          ELIZA EVANS."

The main question presented for our determination in this case is, is this receipt such a memorandum or note of the contract as is required by the statute of frauds to be in writing, and such as a court of equity may specifically enforce?

It is insisted, on the part of the appellees, that the contract is void for uncertainty in the description of the land intended to be conveyed. The question upon this point usually is, do the statements of the written instrument fill the measure of certainty and particularity required to constitute a contract? The books abound with cases raising that question, some of which

we will now refer to.   In Abeel v. Radcliff, 13 Johns. 297, an agreement to let a lot of land, without specifying for what term, was held void for uncertainty, and it was remarked, that "every agreement which is required to be in writing by the statute of frauds must be certain in itself, or capable of being made so by reference to something else whereby the terms can be ascertained."   It was decided in Parkhurst v. Van Cortland, 1 Johns. Ch. 273, that a memorandum which professed to give the right to purchase or lease a certain lot of land, but which named no price or terms, was too imperfect to be treated as a valid contract.   It was there also declared to be a settled principle that if the court cannot ascertain, with reasonable certainty, the terms of the agreement from the writing, or from some other paper to which it refers, the writing does not take the case out of the statute.

The general rule there stated has never been questioned.   In that case, there was an agreement to sell land, but the price to be paid by the purchaser, and the time when the payments were to be made, were not stated.   In Barickman v. Kuykendall, 6 Blackf. 21, a memorandum as follows: "Received, the 18th of December, 1837, of J. H., $500 in full, for one hundred acres of land in part payment," and signed by the defendant, was held insufficient, and the plaintiff recovered back the $500.   The writing was defective in two respects: It did not locate the land or name the price; it could not be filled in by extrinsic evidence, for there was no foundation in the writing to place it upon.

In articles of agreement for the sale of land, the premises were not described or referred to in the agreement, so that it could be determined where they were.   It was held that parol evidence was inadmissible to show their locality.   The description was

held to be void for uncertainty.    Taney v. Bachtell, 9 Gill, 205.

There is, however, a class of cases where parol evidence may be resorted to, to show the locality of the land contracted to be sold.    But this can be done only where the memorandum refers to something extrinsic, by which the land may be located and identified by means of parol proof; as, if a deed purports to convey the house and lot on which A. now lives, it is clearly competent to show by parol what property that description fitted at the time the language was used.    Tallman v. Franklin, 14 N. Y. 589.

Nothing is more common, in preparing executory contracts for the sale of land, than to designate the premises by referring to them as the same described in some specified deed of conveyance, or as being the same of which some person named died seized, or by some other reference, whereby they can be readily ascertained and determined.    Extraneous evidence so referred to, and any other evidence in connection with it, which may serve to identify and fix the limits of the land intended, is admissible and proper.    There would appear to be no limit in that direction, except what is to be found in the general reference of the contract.    For example, if a contract purports to embrace all the land owned by the vendor in a certain county, it would be admissible to prove any and all the land owned by him in that county.

In the case under consideration, the memorandum or receipt refers to no extrinsic fact by which it could be ascertained on which corner of Main and Pearl streets the land in controversy is situated.    And to allow parol evidence to establish its locality, would be in violation of the statute, in allowing that to pass by parol which the statute says shall not so pass, and would open the door to all the mischiefs intended to be provided against by the statute.

Upon the whole, we are disposed to re-affirm the doctrine of the case of McGuire v. Stevens, 42 Miss. 731, and to hold that a receipt for a sum of money, expressing that it was the cash part of the purchase of a lot of land, without specifying the terms of the contract, is not such a memorandum as will take the case out of the statute against frauds and perjuries.    Ellis v. Deadman's Heirs, 4 Bibb, 466 ; Boardman v. the Lessees of Reed, 6 Pet. 345 ; Allen v. Bennett, 8 S. & M. 681 ; 1 Greenl. Ev. 350, § 301.

*The decree is affirmed.*