CARL FISHER *v.* JOSEPH KUHN.

1. STATUTE OF FRAUDS. *Exception. Part performance.*
   Part performance or any other thing will not make an exception to take a case out of the Statute of Frauds.

2. SAME. *The " note " or " memorandum." May be in several writings.*
   The memorandum required by the Statute of Frauds need not be in one writing, but may be in several, if they are connected physically or by internal reference.

3. SAME.   *Certainty as to terms of sale and subject-matter.*
    The agreement cannot be enforced, unless the writing or writings iden-
    tify with certainty the terms of sale and subject-matter.

4. SAME.   *Contract within the statute cannot be cured by pleading.*
    If the writing discloses an uncertainty which parol evidence will not be
    admissible to explain, it cannot be helped by an averment that the
    parties intended a particular thing.

5. SAME.   *Receipt for price.   Case in judgment.*
    A receipt for money on account of the price of " the lot of ground for-
    merly occupied by W.," with nothing further to identify the lot, can-
    not be enforced against its signer, although he has signed a receipt to
    an account due the complainant " for property sold him " on a spe-
    cific day.

APPEAL from the Chancery Court of Harrison County.

Hon. GEORGE WOOD, Chancellor.

*R. Seal,* for the appellant.

The only question is whether there is any equity in the bill.
The defendant files a demurrer, and assigns as the first special
cause that there is no equity in the complainant's bill; the
other special causes assigned have reference to the exhibits
filed with the bill, which are no part thereof.   As to the first
cause, it is only necessary to examine the allegations of the
bill, which show a clear case for the relief sought. . *Finucane*
v. *Kearney,* 1 Freem. Ch. 65, and cases cited; 9 Wall. 1;
*Tucker* v. *Field,* 51 Miss. 191; *Cherry* v. *Long,* Phillips's Law,
466; Bingham on Sales, 426.   The contract is not based on a
parol sale, but upon a memorandum or note reduced to writ-
ing, and signed by Joseph Kuhn, the defendant.

*Harris & George,* for the appellee, cited *Beaman* v. *Buck,*
9 S. & M. 207; *Payson* v. *West,* Walker, 515; *Box* v. *Stanford,*
13 S. & M. 93; *Catlett* v. *Bacon,* 33 Miss. 269; *McGuire* v.
*Stevens,* 42 Miss. 724, 731; *Holmes* v. *Evans,* 48 Miss. 247;
*Jelks* v. *Barrett,* 52 Miss. 315, 322; *Bowers* v. *Andrews,* 52
Miss. 596.

SIMRALL, C. J., delivered the opinion of the court.

The complainant alleges that on July 10, 1874, Joseph
Kuhn, the defendant, was, or claimed to be, seised in fee of a
parcel of land in the town of Biloxi, the boundaries of which

are given, being the same property occupied and leased by A. J. Ward for many years. The last lease was made by the defendant March 1, 1869. The leases are made exhibits to show the location and size of the lot. On July 10, 1874, the complainant bought this lot of land from Kuhn for $2,000, with six per cent interest until the final payment, which was to be made when demanded. When final payment was made, a deed with general covenants of warranty was to be made. Payment was completed on July 10, 1876; at which time the defendant gave a detailed statement of the debt with interest and credits, and final receipt, which paper is also made an exhibit. The complainant further alleges that, when the sale was made, " it was merely a parol contract for the sale of real estate;" but that the sale is not void under the Statute of Frauds, because he fully performed his part of the contract of sale; that with the consent of the defendant he went into possession, has remained in possession, and has made valuable and lasting improvements; that another reason why the contract is legal and binding is, that on Aug. 10, 1874, he paid to the defendant, on account of the purchase-money, $500, for which the defendant gave a written receipt, in which he declared that this sum was on account of the price for the lot of ground formerly occupied by A. J. Ward, — meaning that the said Ward had formerly occupied said land under the leases before referred to; which receipt is claimed to be a memorandum, or note in writing, signed by the defendant, sufficient to take the case out of the statute. He sets out also a second receipt, in which the defendant made a written memorandum that the $1,000 paid was in part payment on the lot of ground purchased of the defendant, which paper is also exhibited. In March, 1874, the complainant bought the unexpired lease of Ward, with the defendant's knowledge and consent, for $500; the receipt for that payment is also exhibited. The property is and has been assessed to the complainant, who has paid the taxes.

The only question for our decision is whether the allegations of the bill take the case out of the Statute of Frauds. It makes certain averments, and sets forth certain written memoranda, which, it is claimed, fulfil the requirements of the statute; viz., that the promise or agreement, or a memorandum or

note thereof, exists, which is a sufficient compliance with the statute.

It has long been the settled doctrine of this court not to accept part performance, or any other thing, as an exception to take a case out of the operation of the statute. The complainant, in his bill, by implication concedes that the parol sale, under which he took possession and paid the money, was not such a contract as a court of equity in this State would enforce; he therefore sought by averment to show the contract or agreement by certain written papers, which are charged to be sufficient to comply with the statute.

The "promise" or "agreement," or the "note" or "memorandum" thereof, intended by the statute, is such written memorial as points out the subject-matter of the sale, and the terms. These written memoranda need not necessarily be embodied in one writing: there may be one or more, if they are connected by physical contact, by reference, or by necessary connection. *Jelks* v. *Barrett*, 52 Miss. 315, 322, 323. Whether the "promise" or "agreement" is evidenced by one writing or several, such writing must be certain as to the terms of the sale and the subject-matter, either of itself, or by reference to something else. *Bowers* v. *Andrews*, 52 Miss. 596. If the writing itself does not identify the subject of the sale, or refer to something *dehors* itself, by resorting to which certainty may be attained, it cannot be enforced. 1 Sug. Vend. 134; *Bowers* v. *Andrews, ubi supra.* A pleader cannot by averment give to a writing which he sets out a different meaning from what it imports; nor can he, if the writing discloses an uncertainty which parol evidence would not be admissible to explain, ground a right by alleging that the parties to it intended a particular thing, if the words themselves do not disclose such intention.

The memoranda are set out in the bill in full, and their sufficiency for the purpose for which they are pleaded must be judged of as they are therein disclosed. While it is not legitimate to refer on demurrer to the exhibits to help out or to impair the bill, in this case the writings are so fully set out in the bill, that for convenience we will analyze the memoranda themselves. The general statement is to this effect: —

"Mr. CARL FISHER,

"To JOSEPH KUHN, *Dr.*

"July 10, 1874.   To amount due this day for property sold
                         him . . . . . . . . . . . .   $2,000 "

The statement of interest and credits is continued to July 10,
1876, with balance due of $539.41 ; beneath which is a receipt
of payment in full, signed by Joseph Kuhn.

This paper shows a debt of $2,000 for *property* sold by Kuhn
to Fisher, and that it has been paid for ; but, whether *real* or
personal property, and, if the former, whether town or rural
property, or where situated, it fails to disclose.   Plainly, it
does not point out the subject of the sale ; nor does it refer to
any external matter by consulting which identity could be
reached.   Another writing is as follows : —

"BILOXI, Aug. 10, 1874.

"Received of C. Fisher the sum of $500, being on account on the
price of the lot of ground formerly occupied by A. J. Ward.
                    (Signed)                "JOSEPH KUHN."

This paper contains an acknowledgment by Kuhn that the
money was received on account of the price of a lot of
ground, and that it was the lot *formerly* occupied by A. J.
Ward.   It is quite certain that Kuhn had in his mind a certain
lot, and so had Fisher ; although Ward may have occupied
several lots before the date of the receipt.   But, as said in
*McGuire* v. *Stevens*, 42 Miss. 724, 731, "direct evidence of in-
tention, as contradistinguished from evidence to show the
intent expressed by the words or language of an instrument,
is inadmissible."   The receipt does not point to a time, or
State, county, town, or city, to which we must look for the
lot formerly occupied by Ward.   A lot at Pascagoula, Bay
of St. Louis, or Pass Christian, or in Harrison or Hancock
County, would suit the words, if Ward had, at either of the
places, formerly occupied a lot.   In *Holmes* v. *Evans*, 48 Miss.
247, 250, a writing, much more specific, was held insufficient.
It located the property "on the corner of Main and Pearl
Streets, city of Natchez, county of Adams, State of Miss."

In none of the papers signed by Kuhn, the party sought to be charged, is any reference made to the property leased to Ward, so as to connect the property described in the leases as the property sold. We concur with the Chancellor that the case is within the Statute of Frauds.      *Decree affirmed.*