NICKERSON *v.* FITHIAN LAND COMPANY ET AL.

[80 South. 1, Division A.]

1. STATUTE OF FRAUDS. *Land contract. Uncertainty. Specific performance.*

Under the statute of frauds, a written agreement to convey lands cannot be enforced unless it states the terms and identifies with certainty the property sought to be conveyed.

2. SAME.

A vendor's receipt stating that he had received from the purchaser a named sum of money, "to apply on purchase of land on the south side of the town of Darling, to be measured later and paid for at the rate of thirty dollars per acre," was void, under the statute of frauds for want of certainty in not identifying the land sold, nor in stating the terms of purchase.

APPEAL from the chancery court of Quitman county. HON. JOE MAY, Chancellor.

Suit by Monroe Nickerson against Fithian Land Company and others. From a judgment for defendants, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Donaldson & Slough,* for appellant.

*P. H. Lowrey* and *Denton & Boone,* for appellee.

HOLDEN, J., delivered the opinion of the court.

The appellant, Monroe Nickerson, filed his bill in the chancery court praying for specific performance of an alleged contract of purchase of certain land from appellees. The writing upon which appellant sought specific performance is here set out:

"Received from Monroe Nickerson the sum of nine dollars to apply on purchase of land on the south side of the town of Darling, to be measured later and paid for at the rate of thirty dollars per acre."

The complainant relied upon this writing, and oral testimony, to secure the relief prayed for in the bill. We think the lower court was correct in refusing to decree the specific performance sought by appellant, because the writing relied on by him is too indefinite and uncertain in its terms upon which to predicate specific performance.

The writing is indefinite, in that it does not identify the land asked to be conveyed, nor does it state the terms of the purchase. It is more than ambiguous. It is void for want of certainty. The plaintiff in the lower court, in aid of the instrument, endeavored to explain the meaning and intent of the writing by parol evidence, but this was not accomplished, in view of the statute of frauds. The oral testimony was admitted by the lower court, and it really tended to show that the land which appellant seeks to have conveyed to him, and which he now occupies, is east of Darling, not south as decribed in the writing. The agreement to convey cannot be enforced in any case unless the writing identifies with certainty the property sought to be conveyed and the terms of the sale. The appellant plainty failed to meet this requirement of the law in this case. In order to avoid the statute of frauds the agreement in writing must be certain, or capable of being made certain by reference to something else whereby the terms and subject-matter of the agreement may be ascertained with reasonable precision; otherwise it cannot be carried into effect by decree of the court. *Fisher* v. *Kuhn,* 54 Miss. 480; *McGuire* v. *Stevens,* 42 Miss. 724, 2 Am. Rep. 649.

*Affirmed.*