STURM *et al v.* DENT.*

(Division B.    Feb. 22, 1926.)

[107 So. 277.    No. 25430.]

1. SPECIFIC PERFORMANCE. *Written memorandum failing to state purchase price and terms held insufficient to compel specific performance (Hemingway's Code, section 3119).*
   Written memorandum acknowledging receipt of earnest money on purchase of land described, but failing to state purchase price and terms of payment, *held* insufficient under Hemingway's Code, section 3119, to compel specific performance.

2. FRAUDS, STATUTE OF.
   The terms, including the purchase price of land, must be stated in a promise or agreement to sell to comply with Hemingway's Code, section 3119.

*Corpus Juris-Cyc. References; Frauds, Statute of, 27 C. J., pp. 277, n. 55; 283, n. 64; Specific Performance, 36 Cyc., pp. 587, n. 75; 596, n. 5.

APPEAL from chancery court of Harrison county.

HON. V. A. GRIFFITH, Chancellor.

Bill by George Strum and others against J. R. Dent. From a decree sustaining a demurrer to the bill, complainants appeal. Affirmed.

*Leathers & Sykes* and *E. O. Sykes,* for appellant.

The only question presented by this appeal is whether or not the memorandum exhibited in the bill is insufficient under the statute of frauds, in that it does not set out the consideration for the purchase and the terms under which same was to be paid.

Appellee's contention in this case is that in order to comply with the statute of frauds, a memorandum must be complete to the exclusion of the necessity of resorting to parol evidence to prove or explain anything connected with said sale.

Our contention is that under our statute the memorandum does not have to be complete to the above extent and that the consideration and the terms of the trade do not have to be set forth therein, but the same may be proved by parol evidence. We base this contention upon the fact that our statute of frauds is not like the original English statute of frauds, which is Charles II, C: 3, and which statute provides that no action shall be brought upon any of the contracts therein enumerated unless "the *agreement* upon which such action shall be brought, or some memorandum of note thereof shall be in writing and signed by the party to be charged therewith, or some person thereunto lawfully authorized." See our statute, section 3119, Hemingway's Code. And as authority for the above argument we refer the court to a very extensive note, 60 A. S. R. 433. See, also, *Wren* v. *Pearce,* 4 S. & M. 91; *Violett* v. *Patton,* 5 Cranch 142, 3 Law Ed. 61.

Our statute is a rescript of the Virginia statute and our court followed the holding of *Violett* v. *Patton; Wren* v. *Pearce, supra.* 27 C. J. page 283, section 347 (e) lays down the rule that: "If the statute requires the 'prom-

ise or agreement' to be in writing, the consideration need not be expressed.'' Thus it is seen that it is held without exception in those states where the word, *promise* is coupled with the word *agreement* in the statute, the consideration does not have to be expressed in the memorandum. See, also, 25 R. C. L., page 661, sec. 295.

The state of Illinois in 1869 provided by statute that a contract for the sale of land should be in writing and that the consideration, as well as the promise itself, should appear therein. In 1874 the statute of that state dispensed with that language and thereafter the question was presented to the courts of the state as to whether or not this last statute dispensed with the necessity of stating the consideration in the contract. That court held that under the new statute in such a contract the consideration did not have to be stated. *Patmore* v. *Hogard,* 78 Ill. 607. In Massachusetts it is held that ''under the . . . statute providing that the consideration need not be set forth, a memorandum of a contract for the sale of land is sufficient, although the consideration is not expressed.'' *Hayes* v. *Allen,* 159 Mass. 45.

In conclusion we submit that inasmuch as the word *promise* is coupled with the word *agreement* in our statute, that the consideration in a contract for the sale of land need not be expressed in the memorandum and that the lower court erred in its finding and the cause should be reversed and remanded.

*Gardner & Brown* and *Geo. H. Murphy,* for appellee.

Counsel for appellant directs attention to the difference between our statute and the original statute, Charles II, C. 3, in that our statute includes the ''promise'' which does not appear in the English statute. This difference is the point upon which appellant relies and he cites, in support of his contention, certain cases, including *Wren* v. *Pearce,* 4 S. & M. 91. But we submit that counsel wholly misconceives the principle he is at-

tempting to apply in this case, and confuses the consideration *for* the promise or agreement with the *promise* or *agreement* itself.   And the case cited by counsel, *Wren* v. *Pearce,* conclusively proves our statement to be true. It seems clear to us that the words ''promise or agreement,'' as contained in the statute, are not applicable alike to the same character of case, for the word ''promise'' could scarcely be considered, in the sense appellant undertakes to apply it, in an agreement to convey land.

To give effect to the interpretation urged by counsel for appellant would emasculate the statute of its protective power.   Had *Wren* v. *Pearce* the meaning ascribed by counsel, it would have been invoked long ago, and not have been overlooked for the space of eighty years.   This court has consistently held that contracts for the sale of land must clearly show the essential ingredients of the agreement, *description, price, manner of payment;* all must be contained in the writing itself, or some other writing to which reference is made.   None of these things may be shown by parol and no exceptions will be engrafted on the statute.   *Waul* v. *Kirkman,* 27 Miss. 823; *Scherck* v. *Moyse,* 94 Miss. 259, 48 So. 513; *Willis* v. *Ellis,* 53 So. 498; *Fisher* v. *Kuhn,* 54 Miss. 480; *McQuire* v. *Stevens,* 42 Miss. 724; *Holmes* v. *Evans,* 48 Miss. 247; *Nickerson* v. *Land Co.,* 118 Miss. 722, 80 So. 1.

The contract here involved is fatally defective, and we submit that the decree of the chancellor is correct and should be affirmed.

Argued orally by *E. O. Sykes,* for appellant.

HOLDEN, P. J., delivered the opinion of the court.

The bill is to compel specific performance of a contract to convey certain land by appellee to appellants.   The written memorandum upon which is based the right to require performance is here quoted:

"Prin. $1,000.00

"Int. ———       Gulfport, Miss., 4—22—25.

"Received of Ben Lauchley one thousand and no/100 dollars earnest money on purchase of lots from J. R. Dent. Lots 16 and 17, block 180, Orig. Gft.

"A. P. Sides, Agt.,

"For J. R. Dent."

The lower court sustained a demurrer to the bill, on the ground that the written memorandum evidencing the contract of sale was insufficient to require specific performance, in that it failed to definitely state the terms of the sale as required by our statute of frauds. The appeal presents that single question for our decision.

It will be observed that the written memorandum fails to state the purchase price of the land and the terms of its payment. The complainants allege in their bill that there was an oral agreement between the parties that the purchase price was twelve thousand five hundred dollars, to be paid as follows: five thousand dollars cash upon the delivery of the deed conveying the property, and the balance to be paid in one and two years evidenced by notes bearing six per cent interest from date. The bill also charges that the contract was made with one A. P. Sides, the authorized agent of Dent, and that Sides received the one thousand dollars as earnest money and delivered it to Dent who retained it; and that thereafter the abstract of title was delivered by Dent to appellants, and that appellants accepted the title and so notified Dent, who refused to carry out the contract to convey.

Counsel for appellants contend that the written memorandum here involved was sufficient to compel specific performance, and that it does not come within the statute of frauds because the terms of the sale are definitely stated except as to the purchase price, and that under our statute of frauds the purchase price may be shown by oral testimony where the written contract for the sale identifies the parties and the land to be conveyed and the consideration for the "promise or agreement" appears.

The argument of counsel to sustain this position is not without force, and as an original proposition it would deserve serious consideration; but the law in this state has been settled adversely to the contention of appellants by many decisions of this court during the past century, and for that reason we must view as untenable the theory presented by the appellants, otherwise it would necessitate the overruling of the cases which have settled the question beyond controversy. The last case on the subject, *Nickerson* v. *Land Co.*, 80 So. 1, 118 Miss. 722, is clearly decisive of the question presented in the case at bar, and is therefore controlling.

The theory of counsel for the appellants upon which the statute of frauds is attempted to be evaded, and specific performance compelled under the written memorandum which is the basis of the suit, may be of interest, and for that reason we shall briefly state it.

It is contended that our statute, section 3119, Hemingway's Code, providinig for the written memorandum of the "promise or agreement," is unlike the English statute in that the latter does not contain the word "promise" but only uses the word "agreement," and that under our statute which includes the word "promise," and is a rescript of the Virginia statute, many courts have held that the purchase price to be paid for the land need not be stated in the memorandum but may be shown by oral testimony. It is argued that the courts, including our own and the supreme court of the United States, have held that where the word "promise" is coupled with the word "agreement" it is unnecessary for the written memorandum to state the purchase price, but that this essential may be shown by oral testimony. The cases cited in support of this view are *Wren* v. *Pearce*, 4th Smedes & M. 91, and *Violett* v. *Patton*, 5 Cranch, 142, 3 L. Ed. 61.

We have examined the *Wren case, supra,* and we entertain considerable doubt as to whether this case supports the contention of counsel for the appellant. Upon

a careful reading of the Wren case, it will be detected that Wren guaranteed the payment of a stated account of one hundred twenty-five dollars by writing at the foot of the account, "I guarantee the payment of the above," and signed it. The court held that this memorandum in writing to pay the debt of another was sufficient, and it was unnecessary under the statute of frauds "that the consideration of the promise should be in writing." Does it not appear that the court had in mind that the "consideration for the promise" of the guarantor need not be in writing? But would the court have held that the "consideration" or purchase price of the land should not be stated in the writing as a part of the terms of the contract of sale? A difference is apparent between a suit for specific performance and one in *assumpsit* to recover against an indorser or guarantor.

The later decisions of this court, which hold that the description of the land and the price to be paid for it must be definitely stated in the written contract to convey, never referred to the Wren case as being a contrary holding, and this fact is rather persuasive that our courts for the past eighty years have either overlooked the Wren case or else that decision was construed to mean that it was unnecessary for the written memorandum to show the consideration to the guarantor for "the promise or agreement," and that it does not hold that the purchase price is not required to be stated in the written memorandum of the contract for the sale of land. But, at all events, the Wren case, if it holds what counsel contends that it does, has long since been impliedly overruled by many cases in this court.

The *Violett case, supra,* a federal decision, is cited to support the theory advanced by counsel for appellants, and the writer in the *Wren case, supra,* cites the federal case as authority for the holding in that case. But in the Violett case the suit was to hold Violett as indorser of a promissory note, and we are inclined to think, though we are not sure, that the court in the Violett case was speaking of the "consideration to the indorser for the

promise'' only, just as in the Wren case, because the terms of the obligation, to-wit, the amount of the note, are distinctly stated. However, we see no good purpose to serve in further attempting to differentiate in these cases, because the rule is clearly stated by our court that the terms, including the purchase price of the land, must be stated in the ''promise or agreement'' to sell.

The theory of counsel for the appellant that a written contract to convey which contains all the requisites except the amount of the purchase price ought to be binding on the seller, and that the purchaser should be allowed to show the purchase price by oral testimony, is not an unreasonable proposition; and if it were a question of first impression in this state it might be viewed with favor; but the rule to the contrary having been established by this court for such a great length of time, it is now too late to consider a change. *Waul* v. *Kirkman,* 27 Miss. 823; *Scherck* v. *Moyse,* 48 So. 513, 94 Miss. 259; *Willis* v. *Ellis,* 53 So. 498, 98 Miss. 197 Ann. Cas. 1913A, 1039; *Fisher* v. *Kuhn,* 54 Miss. 480; *McQuire* v. *Stevens,* 42 Miss. 724, 2 Am. Rep. 649; *Holmes* v. *Evans,* 48 Miss. 247, 12 Am. Rep. 372; *Giglio* v. *Saia* (Miss.), 106 So. 513.

The decree of the lower court is affirmed.

*Affirmed.*