KERVIN v. BIGLANE.*

(Division A.  Nov. 15, 1926.)

[110 So. 232.  No. 25941.] .

1. FRAUDS, STATUTE OF.

Alleged contract for option for sale of lots *held*, within Heming-
way's Code, section 3119, requiring memorandum in writing, as
being indefinite, vague, and uncertain; it not appearing wheth-
er it was contract to lease or sell.

2. FRAUDS, STATUTE OF.

Memorandum in writing, to satisfy Hemingway's Code, section 3119,
must contain substantial terms of contract with such certainty
that they may be understood from contract itself without resort-
ing to parol evidence.

3. FRAUDS, STATUTE OF.

Contract, to satisfy Hemingway's Code, section 3119, must show
whether or not it is contract of sale and whether warranty or
quitclaim deed was to be executed.

*Corpus Juris-Cyc. References: Frauds, Statute of, 27 C. J., p. 269, n.
72; p. 278, n. 75; Necessity that memorandum in writing must contain
essential elements of contract to satisfy the statute of frauds, see 29
A. L. R. 1219; 25 R. C. L. 645; 4 R. C. L. Supp., 1595; 5 R. C. L. Supp.,
1335.

Appeal from chancery court of Covington county.
HON. T. P. DALE, Chancellor.

Suit by O. J. Biglane against J. D. Kervin.  From a de-
·cree overruling a demurrer, defendant appeals.  Re-
versed and remanded, with directions.

*Sennett Conner*, for appellant.

If the alleged contract sued upon is within our Statute
of Frauds, which is section 3119 (c), Hemingway's Code,
as a contract for the sale of lands, no action may be
brought whereby to charge the appellant upon it; and if

the terms and provisions of said contract are so uncertain, indefinite, and incomplete as to make it impossible for the court to determine from the writing itself, without the aid of parol evidence, what the agreement between the parties was, then this court will not decree specific performance of it.

One line of cases merely requires the owner to contract or promise in writing to sell and convey land, leaving the purchase price, terms and condition of sale, kind of instrument and other details to parol evidence. Another line of decisions holds that a memorandum to satisfy the Statute of Frauds must include all the material features of the agreement, so that no resort to parol testimony is necessary further than to show the situation of the parties and the application of the terms employed in the writing to the subject-matter under consideration.

Mississippi adheres to the latter rule. In a long line of well-reasoned decisions, recently approved in *Sturm v. Dent,* 107 So. 277, and *Giglio* v. *Said,* 106 So. 513, this court has repeatedly held that the writing evidencing an agreement to convey or sell land must with certainty identify the land, name the consideration and state every essential term and condition of the agreement or promise, if it is to escape the statute. *Waul* v. *Kirkman,* 27 Miss. 823; *Fisher* v. *Kuhn,* 54 Miss. 480; *McGuire* v. *Stevens,* 42 Miss. 724; *Holmes* v. *Evans,* 48 Miss. 247; *Nickerson* v. *Fithian Land Co.,* 80 So. 1; *Bowers* v. *Andrews,* 52 Miss. 596.

The writing sued upon in the case at bar is too uncertain and indefinite to be specifically enforced and falls within the Statute of Frauds, because:

(1)    The alleged agreement simply gives "an option on" certain real estate. It is not stated whether it is an option to buy or to sell, or to lease. It contains no specific promise or agreement to sell or convey. It does not state who is the owner of the property, who is the seller,

and who is the buyer. See *Frank* v. *Eltringham,* 3 So. 655.

(2) The property described in the alleged agreement is not identical with that described in the deed of conveyance submitted by appellee with his tender to appellant for the latter's execution.

(3) It is not specified whether the conveyance shall be by quitclaim, special warranty or general warranty deed. This is a material stipulation that should have been agreed upon between the parties and written into the agreement. No time is fixed when the conveyance is to be executed. The owner was not, under the expressed terms of the agreement or any construction of said terms, required to accept the limited tender of appellee. *Fowler* v. *Nunnery,* 89 So. 156.

(4) The writing sued upon is equally as silent as to the terms of payment of the consideration, and whether cash or credit. Other courts adhering to the rule of strict construction accepted by this court have held that a failure to specify in the writing the terms of payment of the consideration is fatal and brings the writings within the statute. *Snow* v. *Nelson,* 113 Fed. 353; *Elliott* v. *Barrett,* 144 Mass. 256, 19 N. E. 820; *Fisher* v. *Andrews,* 94 Md. 46, 50 Atl. 407; *Allan* v. *Bemis,* 120 Iowa 172; *Hartenvower* v. *Uden,* 242 Ill. 434, 90 N. E. 298; *Hilberg* v. *Greer,* 172 Mich. 505, 138 N. W. 201.

No court can say with certainty from the writing in this case that the minds of the parties met as to kind of deed to be executed and manner in which the consideration was to be paid. *Phelps* v. *Dana,* 83 So. 745.

The writing here sued upon is defective not from uncertainty of terms used, but from failure to embody essential provisions. The pleader cannot supply the deficiency, and ground a right by alleging that the parties intended a particular thing, since the words themselves do not disclose such intention, or what the intention was, or whether or not there was any intention. *Fisher* v.

*Kuhn, supra; Craft* v. *Lott,* 87 Miss. 594, 40 So. 427. The parties must agree and the terms must be expressed in the writing. These essentials will not be inferred. *Everman* v. *Herndon,* 15 So. 135.

Insofar as may appear from the writing, the suit is prematurely brought, because the suit was brought prior to the expiration of the term of the option, and it does not appear that the seller was not to have the full time within which to prepare and execute his deed of conveyance. This further emphasizes the materialty and importance of a provision for conveyance, which this writing does not contain. *Barton* v. *N. E. Mortg. Sec. Co.,* 25 So. 362.

*H. M. McIntosh,* for appellee.

It is admitted that under the unbroken line of decisions in Mississippi that a written instrument in order to meet the requirement of the Statute of Frauds must contain a description of the land, the price to be paid and the terms of the contract so that it is not necessary that the same be explained by oral testimony.

The appellant in this case executed to the appellee an option on land that was definitely described, the expiration of which option was April 16, 1926, at a definite fixed price to be paid. *Hanley* v. *Watterson,* 39 W Va. 214; *Litz* v. *Goosling,* 21 L. R. A. 127 (Ky.); *Hopwood* v. *McCausland,* 94 N. W. 469 (Iowa).

The option signed by the appellant in this case was a continuous offer for a period of sixty days, which offer was irrevocable, to sell to the appellee this property for the price of four thousand two hundred fifty dollars; and if accepted within that period of time by the appellee, it placed them in the same attitude as if the appellant had offered in writing or by telegram to sell the property for a given sum and the appellee had accepted in writing.

An offer to sell for a given price without any stipulation with reference to terms is an offer to sell for cash. *Allen & Co.* v. *Monroe Co. Hay Exchange,* 86 So. 297.

It is the contention of the appellee that when he tendered to the appellant the purchase price within the time limit of the option, it was the duty of the appellant to then execute a deed in compliance with the option and that in default thereof this suit for specific performance to be sustained.

McGowen, J., delivered the opinion of the court.

Biglane, complainant, appellee here, filed his bill in the chancery court of Covington county against J. D. Kervin and others, seeking specific performance of the following paper:

"Exhibit A.

"Collins, Miss., 2—16—26.

"For the consideration of one dollar I hereby give O. J. Biglane option on lots 1 and 2, town of Collins, Miss., known as the Collins Furniture and V. T. Dees & Son store location, for sixty days, which option ends April 16, 1926. The consideration of lots is to be $4,250 (forty-two hundred and fifty dollars).

"[Signed] J. D. KERVIN.

"Witness: MRS. J. D. KERVIN."

The bill alleged that Kervin had agreed to sell and Biglane had agreed to purchase the property described in Exhibit A, above quoted, except the following:

"Less a strip on the west side fronting Main street."

And also alleging that this was an option to sell on the part of the defendant, and to purchase on the part of the complainant, and that within the sixty-day period he (Biglane) tendered four thousand two hundred fifty dollars to appellant, Kervin, together with a statutory warranty deed which recited the consideration of four thousand two hundred fifty dollars and described the land as described in the option, with this addition:

"Less a strip on the west side thereof being two feet six inches wide fronting Main street."

According to the allegations of the bill, the money was tendered to Kervin, together with a warranty deed to be signed by him on the 13th day of April, 1926, and on the same day Biglane filed the bill herein. He also complained that certain rents had been collected from certain tenants, and the bill was filed against the tenants. He offered to tender the four thousand two hundred fifty dollars into court and demanded that Kervin be required to specifically perform the contract, Exhibit A.

To this bill a demurrer was interposed, the second and third grounds of which are as follows:

"Second. That the alleged contract which is Exhibit A to the bill, being within the statute of frauds, is such a contract that this court will not enforce.

"Third. That the alleged contract of sale or option is so indefinite, uncertain, and incomplete as to purpose, terms, and description of land that it falls within the statute of frauds, and specific performance of it will not be decreed, and that this suit is prematurely brought,"— which demurrer was overruled by the court.

We think it very clear that the alleged contract which is the basis of this bill for specific performance is within our statute of frauds (section 3119, Hemingway's Code [section 4775, subsec. C, Code of 1906]), which reads as follows:

"An action shall not be brought whereby to charge a defendant or other party . . . (c) upon any contract for the sale of lands, tenements, hereditaments, or the making of any lease thereof for a longer term than one year; . . . unless, in each of said cases, the promise or agreement upon which such action may be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some person by him or her thereunto lawfully authorized."

Aside from the fact that there was no stipulation in the alleged contract that Kervin was to execute a warranty deed, if, indeed, it could be said there was any contract to execute any deed at all, and the further fact that there is a material change in the description in the alleged option, and the description in the deed sought by Biglane from Kervin, at the time he tendered the money, it is perfectly manifest to us that it cannot be said from a close scrutiny of this paper whether it is a contract to lease, to sell, or to purchase, and, if to lease, the time of the begining and end of the lease contract is not therein shown; in other words, the paper is so indefinite, so vague, and uncertain that no one can tell what was intended to be done by the parties at the time of its execution. Our court is committed to the doctrine announced in *Waul* v. *Kirkman,* 27 Miss. 823, wherein Mr. Justice HANDY, as the organ of the court, said:

"The rule upon this point is well settled to be that the memorandum, in order to satisfy the statute, must contain the substantial terms of the contract expressed with such certainty that they may be understood from the contract itself, or some other writing to which it refers, without resorting to parol evidence. *Boydell* v. *Drummond,* 11 East, 142 [and other authorities]. For otherwise all the danger of perjury, intended to be guarded against by the statute, would be let in. And when reference is made in the memorandum to another writing, it must be so clear as to prevent the possibility of one paper being substituted for another. 1 Sug. Vend., 94; *Smith* v. *Arnold,* 5 Mason (U. S.) 416, Fed. Cas. No. 13,004."

Under the above-quoted rule, it certainly is a most essential element that the contract state or show in some manner whether it is a contract to sell or not, and whether a warranty deed or a quitclaim deed was to be executed or not. These are just as essential elements as the purchase price.

The bill herein undertakes to explain and supply these very essential elements of the contract, but the instru-

ment itself is so uncertain as to be absolutely void, because, by no stretch of construction, from any language in the paper, can it be said that it is an offer to sell.

In the case of *Nickerson* v. *Fithian Land Co.*, 118 Miss. 722, 80 So. 1, it is said:

"In order to avoid the Statute of Frauds, the agreement in writing must be certain, or capable of being made certain by reference to something else whereby the terms and subject-matter of the agreement may be ascertained with reasonable precision; otherwise, it cannot be carried into effect by decree of the court." *Fisher* v. *Kuhn,* 54 Miss. 480; *McGuire* v. *Stevens,* 42 Miss. 724, 2 Am. Rep. 649.

In the case of *Sturm* v. *Dent* (Miss.), 107 So. 277, Judge HOLDEN, as the organ of the court, while indicating his leaning against the rule which obtains in Mississippi, announced in no uncertain terms that the rule quoted to us from *Waul* v. *Kirkman,* 27 Miss. 823, obtains in the courts of Mississippi, and that same would be adhered to in Mississippi, wherein it is distinctly stated that the terms, including the purchase price, must be stated in the promise or agreement of sale. Here we cannot even uphold this instrument as an agreement or offer to sell. Under the authorities cited (*Waul* v. *Kirkman,* 27 Miss. 823; *Scherck* v. *Moyse,* 94 Miss. 259, 48 So. 513; *Willis* v. *Ellis,* 98 Miss. 197, 53 So. 498, Ann. Cas. 1913A, 1039; *Fisher* v. *Kuhn,* 54 Miss. 480; *McGuire* v. *Stevens,* 42 Miss. 724, 2 Am. Rep. 649; *Giglio* v. *Saia,* 140 Miss. 769, 106 So. 513; and *Sturm* v. *Dent* [Miss.], 107 So. 277) we are of opinion that the court below was in error in overruling the defendant's demurrer, and that said demurrer should have been sustained.

Applying the conclusions we have reached to the bill in this cause, we cannot now conceive of any amendment which could be made by the complainant in the court below by which he could enforce specific performance of the contract herein considered, but, out of an abundance of

caution, we shall remand the case, with leave to the complainant to amend his bill within thirty days, and, if not amended within thirty days, the court below will finally dismiss the bill.

*Reversed and remanded.*