SMITH, Justice.
On December 10, 1969, W. E. Allen leased for the year 1970 certain agricultural lands in Humphreys County from Mrs. Marion Powell, the owner. On the same date, he also leased for 1970 certain other Humphreys County lands belonging to Mrs. J. M. Powell. The lease contracts were in identical words except for the land descriptions, names of the parties and amount of rent. Each concluded with these words:
At the termination of this lease the Lessor grants the Lessee the privilege of first refusal to lease said lands for the three period (sic) immediately following the term of this lease, that is, provided he meets the terms and conditions suitable to the Lessor.
Prior to the txpiration of the term, Allen was notified that the lands would not be leased to him for 1971 and, in each case, the lands were, in fact, leased for 1971 to Bob Millwood. The present litigation ensued.
Allen filed separate suits in the Chancery Court of Humphreys County against Mrs. Marion Powell and Bob Millwood and against Mrs. J. M. Powell and Bob Mill-wood, exhibiting with his bills copies of the lease contracts and charging that the concluding words in each of the contracts, quoted above, gave him an option to renew or “first refusal” to renew, and that the lands might not be leased to another until after it had been first offered to him and he had rejected the offer. He sought specific performance of the provision, as he construed it, in that he desired the court to compel the respondent owners of the lands to offer it to him for 1971 (and subsequent years) upon the same terms as they had leased it to Millwood so that he might be afforded the option of accepting or rejecting renewal of the lease. There were also alternative prayers for damages and for general relief.
The cases were consolidated and general demurrers were interposed to the bills upon the ground that there was no equity upon the face of the bills. These demurrers were sustained by the chancellor and, Allen having declined to plead further, a decree was entered dismissing the bills. It is from that decree that Allen has appealed.
Although the demurrer admitted facts well pleaded in the bills, the exhibited written lease contracts must control. We think that the situation in Giglio v. Saia, 140 Miss. 769, 775, 106 So. 513 (1926), was substantially similar to that now under review, and that the provision for renewal of the lease there considered cannot be distinguished from that which exists in the present case in any significant or controlling particular. In Giglio, a bill for specific performance of an alleged renewal option was filed based upon the following provision in a lease:
The “party of the second part is to have the right and privilege of renting said store for another period of five years at the termination of this contract, upon such terms and for the payment of such rent as may be agreed upon between the parties hereto at that time, necessary repairs to be made by party of the first part.”
In holding that the above quoted provision was not enforceable as an option to renew, and that the lessee was not entitled to specific performance in that regard, this Court said:
The specific performance of a contract will not be decreed unless it is certain in its terms. Montgomery v. Norris, 1 How. 499; Nickerson v. [Fithian] Land Co., 118 Miss. 722, 80 So. 1. Tested by this rule the specific performance here sought cannot be decreed, for the renewal agreement not only does not set forth the terms on which the appellant may rent the building for another period of five years, but, on the *184 contrary, expressly provides that he may do so “upon such terms and for the payment of such rent as may be agreed upon between the parties hereto.” This leaves everything pertaining to the renewal open for determination by the parties thereto except the period of time for which it is to run. That is to say, they must agree on not only the amount of rent to be paid, but upon the conditions, covenants, and limitations on which the lessor may be willing to renew the lease. Renewal agreements much more specific than this one in that they leave only the renewal rental to be fixed by future agreement between the parties have generally been held unenforceable and void for uncertainty and indefiniteness. See note to Young v. Nelson, 121 Wash. 285, 209 P. 515, 30 A.L.R. 568. See, also, 16 R.C.L. 886; 35 C.J. 108, 109; Howard v. Tomicich, 81 Miss. 703, 33 So. 493.
(140 Miss. 776, 106 So. 513).
Here it appears that appellant would have the Court read into the contract provisions that it does not contain, that is, he contends that the owners must lease to him upon such “terms and conditions” as they could obtain from another. On the contrary, the provision relied upon states: “. . . provided he meets the terms and conditions suitable to the lessor. . . .” Courts may construe but may not make, alter or substantially add to contracts as actually written and entered into by the parties.
In Griffith, Mississippi Chancery Practice section 625 (2nd ed. 1950), it is stated:
[I]n a case of specific performance of a contract where the relief is largely within the sound discretion of the court, the relief may be declined altogether where the court is unable to frame a practical decree that by its terms will cover the subject matter definitely, for equity will not under the pretense of giving a remedy in the absence of a perfect one at law substitute an imperfect, cumbersome, and inexpedient equitable one.
Since the provision in the lease contracts relied upon by appellant as a basis for the right sought to be enforced is not enforceable under the rule stated in Giglio, it follows that the incidental prayer contained in the bill for damages and for general relief likewise is incapable of supporting a decree.
Appellant was not entitled to a decree requiring appellees to offer him renewal leases and the chancellor correctly sustained the demurrers and dismissed the bills.
Affirmed.
RODGERS, P. J., and PATTERSON, ROBERTSON and SUGG, JJ., concur.